# **EXHIBIT 1**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| |
|---|
| UNITED STATES OF AMERICA ex rel. JAMES R. BERKLEY, |
| *Relator*, |
| v. |
| OCEAN STATE, LLC, NEW HARBOR CAPITAL FUND LP, NEW HARBOR CAPITAL FUND II LP, NEW HARBOR CAPITAL MANAGEMENT LP, BLUEPRINT TEST PREPARATION, LLC, FYZICAL ACQUISITION HOLDINGS, LLC, |
| *Defendants*. |

C.A. No. 1:20-cv-00538-JJM-PAS

## DEFENDANT OCEAN STATE, LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO RELATOR'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Ocean State, LLC ("Defendant") hereby submits the following supplemental responses and objections ("Responses") to Relator's Interrogatories (the "Interrogatories" and each, an "Interrogatory"), served in the above-captioned action (the "Action") on August 7, 2023.[1]

## SUPPLEMENTAL RESPONSES AND OBJECTIONS TO INTERROGATORIES

## INTERROGATORY NO. 1:

Identify each Person known or believed by You to have knowledge, Documents, or information concerning any fact alleged in the Complaint, or any fact underlying the subject matter of the Litigation, providing for each:

a.       his or her name, occupation/title, telephone number, and address;

---

[1] For purposes of preservation and to the extent permitted in light of this Court's January 29 Order, Defendant incorporates, restates, and does not waive all objections made and terms defined in its September 13, 2023 Responses and Objections.

33(d), it will produce documents in a forthcoming document production from which information responsive to this Interrogatory may be obtained.

**INTERROGATORY NO. 12:**

Identify and explain in detail how was it determined that You met the economic necessity certification contained in the PPP Loan Application, including:

a.    who prepared the analysis;

b.    whether an attorney or other consultant was utilized; and

c.    whether there were Communications with the investors regarding the determination.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to this Interrogatory as compound because it combines multiple requests for information into a single Interrogatory and therefore should be considered multiple interrogatories under Federal Rule of Civil Procedure 33(a).  Defendant further objects to this Interrogatory because it is overbroad, unduly burdensome, and not proportional to the needs of the case.  Defendant further objects to this Interrogatory because it is vague and ambiguous, including to the extent it relies on the undefined terms "economic necessity certification," "analysis," and "determination."  Defendant further objects to this Interrogatory to the extent that it calls for privileged information and legal analysis.

Subject to and without waiving its objections, Defendant states that certain individuals including but not limited to John Roselli analyzed the severe impact of the COVID 2019 Pandemic on Ocean State and concluded that it met the applicable requirements of the PPP loan program. Defendant further states that it consulted with attorneys in relation to its PPP loan application.[2]

---

[2]    By making this statement in direct response to Relator's Interrogatory, Defendant does not waive or relinquish any attorney-client privilege, work-product protections, or other

Defendant further states that it communicated with investors regarding its PPP loan application. Defendant further responds that, pursuant to Fed. R. Civ. P. 33(d), it will produce documents in a forthcoming document production from which information responsive to this Interrogatory may be obtained. Fact discovery is ongoing, and Defendant reserves the right to supplement or modify its response to Interrogatory No. 12 in accordance with the Federal Rules of Civil Procedure.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:** Defendant states that certain individuals including but not limited to John Roselli and Sarah Charette analyzed the severe impact of the COVID 2019 Pandemic on Ocean State and concluded that it met the applicable requirements of the PPP loan program. This includes but is not limited to analyzing Ocean State's revenue, expenses, cash flow, and operations. For example, Defendant's primary care clinics were forced to transition to telemedicine, resulting in altogether lower patient volumes paired with lower payer reimbursement rates for patient visits. Defendant further states that it consulted with attorneys in relation to its PPP loan application.[3] Defendant further states that it communicated with investors regarding its PPP loan application. Defendant further responds that, pursuant to Fed. R. Civ. P. 33(d), it will produce documents in a forthcoming document production from which information responsive to this Interrogatory may be obtained. Fact discovery is ongoing, and Defendant reserves the right to supplement or modify its response to Interrogatory No. 12 in accordance with the Federal Rules of Civil Procedure.

---

privileges and protections, nor is Defendant invoking an "advice of counsel" defense by making this statement.

[3] By making this statement in direct response to Relator's Interrogatory, Defendant does not waive or relinquish any attorney-client privilege, work-product protections, or other privileges and protections, nor is Defendant invoking an "advice of counsel" defense by making this statement.

more difficult to meet payroll."    With respect to the Affiliation Requirement, as Ms. Charette explained, Ocean State obtained a letter from SBIC-approved lender Deerpath Funding Advantage IV, LP (SBA License Number 02/02-0679), which proved that Ocean State qualified for an "exception under [the] affiliation [rules] because we had SBIC funding." *See also* Second Amended Compl., Dkt. 28, 66 (recognizing that "the CARES Act waives the affiliation rules" for a "business that receives financial assistance from a small business investment company licensed by SBA ('SBIC').)"). Blueprint similarly was exempt from the affiliation rules because it received financial assistance form an SBIC-approved lender, and Fyzical qualified for an exemption because of its status as a "franchise with a franchise identifier code assigned by SBA in the SBA Franchise Directory." *Id.* (recognizing this exception too). Defendant states that further support for why any loan applications or other documents submitted by Defendants to the federal government comply with all applicable laws, regulation, and authoritative guidance available at the time they were made will be contained in the accompanying productions of documents, further deposition testimony, and other evidence that will be produced in this case.

**INTERROGATORY NO. 18:**

State the basis for Your Fifth Affirmative Defense that "Relator's claims are barred, in whole or in part, because Defendants had a reasonable belief in the lawfulness of their conduct."

**RESPONSE TO INTERROGATORY NO. 18:**

Defendant objects that this is a premature contention interrogatory. Defendant proposes to respond substantively (subject to these objections) to this contention interrogatory at a reasonable time after the close of discovery.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18:** Defendant responds to this Interrogatory based on facts and information known to date, and reserves the right to supplement this Interrogatory at or near the close of discovery based on information learned and research

conducted in support of its argument. Defendant also incorporates the arguments made in its Motion to Dismiss Realtor's Second Amended Complaint, Dkt. 29, and briefing and argument made in support thereof. Defendant states that for the reasons discussed in its response to Interrogatory No. 12, Defendants believed that all of their conduct with respect to the PPP loan application and all of the certifications contained in the PPP loan application submitted by Ocean State, Blueprint, and Fyzical were lawful and accurate. Furthermore, Defendants diligently investigated the applicable laws and regulations in order to ensure the lawfulness of their conduct. Defendant states that further support for why Defendants had a reasonable belief in the lawfulness of their conduct will be contained in the accompanying productions of documents, further deposition testimony, and other evidence that will be produced in this case.

**INTERROGATORY NO. 19:**

State the basis for Your Sixth Affirmative Defense that "Relator's claims are barred, in whole or in part, because the federal government was aware of Defendants' statements."

**RESPONSE TO INTERROGATORY NO. 19:**

Defendant objects that this is a premature contention interrogatory. Defendant proposes to respond substantively (subject to these objections) to this contention interrogatory at a reasonable time after the close of discovery.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19:** Defendant responds to this Interrogatory based on facts and information known to date, and reserves the right to supplement this Interrogatory at or near the close of discovery based on information learned and research conducted in support of its argument. Defendant also incorporates the arguments made in its Motion to Dismiss Realtor's Second Amended Complaint, Dkt. 29, and briefing and argument made in support thereof. Defendant states that documents submitted to the government, including PPP loan applications and PPP Loan Necessity Questionnaires, identified entities related to

26

government will be contained in the accompanying productions of documents, further deposition testimony, and other evidence that will be produced in this case.

Dated: February 20, 2024                        Respectfully submitted,

                                                */s/ Ryan Moorman*
                                                Patricia K. Rocha (#2793)
                                                procha@apslaw.com
                                                Patrick N. Sampson (#9885)
                                                psampson@apslaw.com
                                                ADLER POLLOCK & SHEEHAN P.C.
                                                One Citizens Plaza, 8th Floor
                                                Providence, RI  02903-1345
                                                Tel: (401) 274-7200
                                                Fax: (401) 351-4607

                                                Ryan Moorman (*pro hac vice*)
                                                Patrick Weeks (*pro hac vice*)
                                                KIRKLAND & ELLIS LLP
                                                300 North LaSalle
                                                Chicago, IL 60654
                                                Tel: (312) 862-2000
                                                Fax: (312) 862-2200
                                                ryan.moorman@kirkland.com
                                                patrick.weeks@kirkland.com

                                                *Attorneys for Defendant Ocean State, LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2024, a true and correct copy of Defendant Ocean State, LLC's Supplemental Responses and Objections to Plaintiff's First Set of Interrogatories was served upon counsel of record at the addresses indicated by CM/ECF electronic notification.

*/s/ Ryan Moorman*

Ryan Moorman

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA ex rel.
JAMES R. BERKLEY,

        *Relator*,

      v.

OCEAN STATE, LLC, NEW HARBOR
CAPITAL FUND LP, NEW HARBOR
CAPITAL FUND II LP, NEW HARBOR
CAPITAL MANAGEMENT LP,
BLUEPRINT TEST PREPARATION, LLC,
FYZICAL ACQUISITION HOLDINGS,
LLC,

        *Defendants*.

No. 1:20-cv-00538-JJM-PAS

### <u>VERIFICATION</u>

I, _____John Roselli_____, depose and say that I am a named Defendant, or an authorized representative of a named Defendant, in the above-entitled action, I have read the foregoing Supplemental Responses and Objections to Interrogatories, know and understand the contents thereof, and that the information contained therein is true to the best of my knowledge and belief. I declare under penalty of perjury that the foregoing is true and correct.

2/20/2024
_____
Date

*/s/ John Roselli*
_____
Signature

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JAMES R. BERKLEY, <br><br> *Relator*, <br><br> v. <br><br> OCEAN STATE, LLC, NEW HARBOR CAPITAL FUND LP, NEW HARBOR CAPITAL FUND II LP, NEW HARBOR CAPITAL MANAGEMENT LP, BLUEPRINT TEST PREPARATION, LLC, FYZICAL ACQUISITION HOLDINGS, LLC, <br><br> *Defendants*. | C.A. No. 1:20-cv-00538-JJM-PAS |

### DEFENDANT BLUEPRINT TEST PREPARATION, LLC'S SUPPLEMENTAL RESPONSES TO RELATOR'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Blueprint Test Preparation, LLC ("Defendant") hereby submits the following supplemental responses and objections ("Responses") to Relator's Interrogatories (the "Interrogatories" and each, an "Interrogatory"), served in the above-captioned action (the "Action") on August 7, 2023.[1]

### SUPPLEMENTAL RESPONSES AND OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each Person known or believed by You to have knowledge, Documents, or information concerning any fact alleged in the Complaint, or any fact underlying the subject matter of the Litigation, providing for each:

a.      his or her name, occupation/title, telephone number, and address;

---

[1] For purposes of preservation and to the extent permitted in light of this Court's January 29 Order, Defendant incorporates, restates, and does not waive all objections made and terms defined in its September 13, 2023 Responses and Objections.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:** Defendant states that it determined it did not need to consider "affiliates" with respect to its PPP loan application, and specifically with respect to the size-standard requirement, because Blueprint received financial assistance from Deerpath Funding Advantage IV, LP, and the PPP Loan Application did not require any further information on this topic for entities meeting this exception. *See* 15 USC 636(a)(36)(D)(iv). Defendant entered into a Loan Agreement with Deerpath Funding Advantage IV, LP on April 5, 2018, as amended by the First Amendment to Loan Agreement, dated April 21, 2020. Therefore, individuals including Matthew Riley determined Defendant received financial assistance from an SBA-approved lender.   Defendant further notes that it reviewed the requirements of the PPP loan program and ensured that it complied with any such applicable requirements.  Individuals including Riley further determined that Blueprint on its own satisfied the relevant size-standard requirements by considering Blueprint's revenue, employee count, and other relevant information. Defendant further responds that, pursuant to Fed. R. Civ. P. 33(d), it will produce documents in a forthcoming document production from which information responsive to this Interrogatory may be obtained.

**INTERROGATORY NO. 12:**

Identify and explain in detail how was it determined that You met the economic necessity certification contained in the PPP Loan Application, including:

a.       who prepared the analysis;

b.       whether an attorney or other consultant was utilized; and

c.       whether there were Communications with the investors regarding the determination.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to this Interrogatory as compound because it combines multiple requests for information into a single Interrogatory and therefore should be considered multiple interrogatories under Federal Rule of Civil Procedure 33(a). Defendant further objects to this Interrogatory because it is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant further objects to this Interrogatory because it is vague and ambiguous, including to the extent it relies on the undefined terms "economic necessity certification," "analysis," and "determination." Defendant further objects to this Interrogatory to the extent that it calls for privileged information and legal analysis.

Subject to and without waiving its objections, Defendant states that certain individuals including but not limited to Matthew Riley analyzed the severe impact of the COVID 2019 Pandemic on Blueprint and concluded that it met the applicable requirements of the PPP loan program. Defendant further states that it consulted with attorneys in relation to its PPP loan application.[3] Defendant further states that it communicated with investors regarding its PPP loan application. Defendant further responds that, pursuant to Fed. R. Civ. P. 33(d), it will produce documents in a forthcoming document production from which information responsive to this Interrogatory may be obtained. Fact discovery is ongoing, and Defendant reserves the right to supplement or modify its response to Interrogatory No. 12 in accordance with the Federal Rules of Civil Procedure.

---

[3]  By making this statement in direct response to Relator's Interrogatory, Defendant does not waive or relinquish any attorney-client privilege, work-product protections, or other privileges and protections, nor is Defendant invoking an "advice of counsel" defense by making this statement.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:** Defendant states that certain individuals including but not limited to Matthew Riley and Josh Zuckerwise analyzed the severe impact of the COVID 2019 Pandemic on Blueprint and concluded that it met applicable requirements of the PPP loan program. This includes but is not limited to analyzing Blueprint's revenue, expenses, cash flow, and operations. Defendant further states that it consulted with attorneys in relation to its PPP loan application.[4] Defendant further states that it communicated with investors regarding its PPP loan application. Defendant further responds that, pursuant to Fed. R. Civ. P. 33(d), it will produce documents in a forthcoming document production from which information responsive to this Interrogatory may be obtained. Fact discovery is ongoing, and Defendant reserves the right to supplement or modify its response to Interrogatory No. 12 in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 13:**

Identify all Persons that had any involvement in the preparation and filing of Your PPP Loan Forgiveness Application and explain in detail such Person(s) involvement.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendant objects to this Interrogatory because it is vague and ambiguous, including to the extent it relies on the undefined terms "involvement" and "preparation." Defendant further objects to this Interrogatory because it is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant further objects to this Interrogatory to the extent that it is overbroad and calls for information on any individual "involved" no matter the degree of involvement.

---

[4] By making this statement in direct response to Relator's Interrogatory, Defendant does not waive or relinquish any attorney-client privilege, work-product protections, or other privileges and protections, nor is Defendant invoking an "advice of counsel" defense by making this statement.

financial assistance form an SBIC-approved lender, and Fyzical qualified for an exemption because of its status as a "franchise with a franchise identifier code assigned by SBA in the SBA Franchise Directory." *Id.* (recognizing this exception too). Defendant states that further support for why any loan applications or other documents submitted by Defendants to the federal government comply with all applicable laws, regulation, and authoritative guidance available at the time they were made will be contained in the accompanying productions of documents, further deposition testimony, and other evidence that will be produced in this case.

**INTERROGATORY NO. 18:**

State the basis for Your Fifth Affirmative Defense that "Relator's claims are barred, in whole or in part, because Defendants had a reasonable belief in the lawfulness of their conduct." S

**RESPONSE TO INTERROGATORY NO. 18:**

Defendant objects that this is a premature contention interrogatory. Defendant proposes to respond substantively (subject to these objections) to this contention interrogatory at a reasonable time after the close of discovery.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18:** Defendant responds to this Interrogatory based on facts and information known to date, and reserves the right to supplement this Interrogatory at or near the close of discovery based on information learned and research conducted in support of its argument. Defendant also incorporates the arguments made in its Motion to Dismiss Realtor's Second Amended Complaint, Dkt. 29, and briefing and argument made in support thereof. Defendant states that for the reasons discussed in its response to Interrogatory No. 12, Defendants believed that all of their conduct with respect to the PPP loan application and all of the certifications contained in the PPP loan applications submitted by Ocean State, Blueprint, and Fyzical were lawful and accurate. Furthermore, Defendants diligently

Dated: February 20, 2024                    Respectfully submitted,

*/s/ Ryan Moorman*
Patricia K. Rocha (#2793)
procha@apslaw.com
Patrick N. Sampson (#9885)
psampson@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI  02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

Ryan Moorman (*pro hac vice*)
Patrick Weeks (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
Fax: (312) 862-2200
ryan.moorman@kirkland.com
patrick.weeks@kirkland.com

*Attorneys for Defendant Blueprint Test Preparation, LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2024, a true and correct copy of Defendant Blueprint Test Preparation, LLC's Supplemental Responses and Objections to Plaintiff's First Set of Interrogatories was served upon counsel of record at the addresses indicated by CM/ECF electronic notification.

*/s/ Ryan Moorman*

Ryan Moorman

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JAMES R. BERKLEY, | |
| *Relator*, | |
| v. | No. 1:20-cv-00538-JJM-PAS |
| OCEAN STATE, LLC, NEW HARBOR CAPITAL FUND LP, NEW HARBOR CAPITAL FUND II LP, NEW HARBOR CAPITAL MANAGEMENT LP, BLUEPRINT TEST PREPARATION, LLC, FYZICAL ACQUISITION HOLDINGS, LLC, | |
| *Defendants*. | |

## **VERIFICATION**

I, _____Matthew Riley_____, depose and say that I am a named Defendant, or an authorized representative of a named Defendant, in the above-entitled action, I have read the foregoing Supplemental Responses and Objections to Interrogatories, know and understand the contents thereof, and that the information contained therein is true to the best of my knowledge and belief. I declare under penalty of perjury that the foregoing is true and correct.

_____2/19/24_____
Date

_____
Signature

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JAMES R. BERKLEY, <br><br> *Relator*, <br><br> v. <br><br> OCEAN STATE, LLC, NEW HARBOR CAPITAL FUND LP, NEW HARBOR CAPITAL FUND II LP, NEW HARBOR CAPITAL MANAGEMENT LP, BLUEPRINT TEST PREPARATION, LLC, FYZICAL ACQUISITION HOLDINGS, LLC, <br><br> *Defendants*. | C.A. No. 1:20-cv-00538-JJM-PAS |

### DEFENDANT FYZICAL ACQUISITION HOLDINGS, LLC'S SUPPLEMENTAL RESPONSES TO RELATOR'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Fyzical Acquisition Holdings, LLC ("Defendant") hereby submits the following supplemental responses and objections ("Responses") to Relator's Interrogatories (the "Interrogatories" and each, an "Interrogatory"), served in the above-captioned action (the "Action") on August 7, 2023.[1]

### SUPPLEMENTAL RESPONSES AND OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each Person known or believed by You to have knowledge, Documents, or information concerning any fact alleged in the Complaint, or any fact underlying the subject matter of the Litigation, providing for each:

       a.      his or her name, occupation/title, telephone number, and address;

---

[1]   For purposes of preservation and to the extent permitted in light of this Court's January 29 Order, Defendant incorporates, restates, and does not waive all objections made and terms defined in its September 13, 2023 Responses and Objections.

Defendant further notes that it reviewed the requirements of the PPP loan program and ensured that it complied with any such applicable requirements. Defendant further responds that, pursuant to Fed. R. Civ. P. 33(d), it will produce documents in a forthcoming document production from which information responsive to this Interrogatory may be obtained. Fact discovery is ongoing, and Defendant reserves the right to supplement or modify its response to Interrogatory No. 11 in accordance with the Federal Rules of Civil Procedure.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:** Defendant states that it determined it did not need to consider "affiliates" with respect to its PPP loan application, and specifically with respect to the size-standard requirement, because Fyzical had a franchise identifier code, and the PPP Loan Application did not require further information on this topic for entities meeting this exception. *See* 15 U.S.C. 636(a)(36)(D)(iv). Therefore, individuals including Eric Thompson determined Defendant fell within an exception to the Affiliation Requirement. Defendant further notes that it reviewed the requirements of the PPP loan program and ensured that it complied with any such applicable requirements. Individuals including Thompson further determined that Fyzical on its own satisfied the relevant size-standard requirements by considering Fyzical's revenue, employee count, and other relevant information. Defendant further responds that, pursuant to Fed. R. Civ. P. 33(d), it will produce documents in a forthcoming document production from which information responsive to this Interrogatory may be obtained.

**INTERROGATORY NO. 12:**

Identify and explain in detail how was it determined that You met the economic necessity certification contained in the PPP Loan Application, including:

a.    who prepared the analysis;

b.    whether an attorney or other consultant was utilized; and

c.    whether there were Communications with the investors regarding the determination.

17

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to this Interrogatory as compound because it combines multiple requests for information into a single Interrogatory and therefore should be considered multiple interrogatories under Federal Rule of Civil Procedure 33(a). Defendant further objects to this Interrogatory because it is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant further objects to this Interrogatory because it is vague and ambiguous, including to the extent it relies on the undefined terms "economic necessity certification," "analysis," and "determination." Defendant further objects to this Interrogatory to the extent that it calls for privileged information and legal analysis.

Subject to and without waiving its objections, Defendant states that certain individuals including but not limited to Eric Thompson analyzed the severe impact of the COVID 2019 Pandemic on Fyzical Holdings and concluded that it met the applicable requirements of the PPP loan program. Defendant further states that it consulted with attorneys in relation to its PPP loan application.[3] Defendant further states that it communicated with investors regarding its PPP loan application. Defendant further responds that, pursuant to Fed. R. Civ. P. 33(d), it will produce documents in a forthcoming document production from which information responsive to this Interrogatory may be obtained. Fact discovery is ongoing, and Defendant reserves the right to supplement or modify its response to Interrogatory No. 12 in accordance with the Federal Rules of Civil Procedure.

---

[3] By making this statement in direct response to Relator's Interrogatory, Defendant does not waive or relinquish any attorney-client privilege, work-product protections, or other privileges and protections, nor is Defendant invoking an "advice of counsel" defense by making this statement.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:** Defendant states that certain individuals including but not limited to Eric Thompson analyzed the severe impact of the COVID 2019 Pandemic on Fyzical and concluded that it met the applicable requirements of the PPP loan program. This includes but is not limited to analyzing Fyzical's revenue, expenses, cash flow, and operations. For example, based on Defendant's reasonable investigation to date, 20% of Fyzical's franchisees closed and patient visits were down 40% to 70% in the clinics that remained open. Defendant had concerns over its ability to meet certain debt covenants that could restrict its access to capital, including its outstanding revolver capacity. Moreover, Defendant did not anticipate a return to normalcy in 2020 due to patients' reluctance to receive hands-on care from a physical therapist in a clinical setting. Defendant further states that it consulted with attorneys in relation to its PPP loan application.[4] Defendant also communicated with certain investors regarding its PPP loan application. Defendant further responds that, pursuant to Fed. R. Civ. P. 33(d), it will produce documents in a forthcoming document production from which information responsive to this Interrogatory may be obtained. Fact discovery is ongoing, and Defendant reserves the right to supplement or modify its response to Interrogatory No. 12 in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 13:**

Identify all Persons that had any involvement in the preparation and filing of Your PPP Loan Forgiveness Application and explain in detail such Person(s) involvement.

---

[4]    By making this statement in direct response to Relator's Interrogatory, Defendant does not waive or relinquish any attorney-client privilege, work-product protections, or other privileges and protections, nor is Defendant invoking an "advice of counsel" defense by making this statement.

19

qualified for an "exception under [the] affiliation [rules] because we had SBIC funding." *See also* Second Amended Compl., Dkt. 28, 66 (recognizing that "the CARES Act waives the affiliation rules" for a "business that receives financial assistance from a small business investment company licensed by SBA ('SBIC').)"). Blueprint similarly was exempt from the affiliation rules because it received financial assistance form an SBIC-approved lender, and Fyzical qualified for an exemption because of its status as a "franchise with a franchise identifier code assigned by SBA in the SBA Franchise Directory." *Id.* (recognizing this exception too). Defendant states that further support for why any loan applications or other documents submitted by Defendants to the federal government comply with all applicable laws, regulation, and authoritative guidance available at the time they were made will be contained in the accompanying productions of documents, further deposition testimony, and other evidence that will be produced in this case.

**INTERROGATORY NO. 18:**

State the basis for Your Fifth Affirmative Defense that "Relator's claims are barred, in whole or in part, because Defendants had a reasonable belief in the lawfulness of their conduct."

**RESPONSE TO INTERROGATORY NO. 18:**

Defendant objects that this is a premature contention interrogatory. Defendant proposes to respond substantively (subject to these objections) to this contention interrogatory at a reasonable time after the close of discovery.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18:**

Defendant responds to this Interrogatory based on facts and information known to date, and reserves the right to supplement this Interrogatory at or near the close of discovery based on information learned and research conducted in support of its argument. Defendant also incorporates the arguments made in its Motion to Dismiss Realtor's Second Amended Complaint, Dkt. 29, and briefing and argument made in support thereof. Defendant states that for the reasons

discussed in its response to Interrogatory No. 12, Defendants believed that all of their conduct with respect to the PPP loan application and all of the certifications contained in the PPP loan application submitted by Ocean State, Blueprint, and Fyzical were lawful and accurate. Furthermore, Defendants diligently investigated the applicable laws and regulations in order to ensure the lawfulness of their conduct. Defendant states that further support for why Defendants had a reasonable belief in the lawfulness of their conduct will be contained in the accompanying productions of documents, further deposition testimony, and other evidence that will be produced in this case.

**INTERROGATORY NO. 19:**

State the basis for Your Sixth Affirmative Defense that "Relator's claims are barred, in whole or in part, because the federal government was aware of Defendants' statements."

**RESPONSE TO INTERROGATORY NO. 19:**

Defendant objects that this is a premature contention interrogatory. Defendant proposes to respond substantively (subject to these objections) to this contention interrogatory at a reasonable time after the close of discovery.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19:**

Defendant responds to this Interrogatory based on facts and information known to date, and reserves the right to supplement this Interrogatory at or near the close of discovery based on information learned and research conducted in support of its argument. Defendant also incorporates the arguments made in its Motion to Dismiss Realtor's Second Amended Complaint, Dkt. 29, and briefing and argument made in support thereof. Defendant states that documents submitted to the government, including PPP loan applications and PPP Loan Necessity Questionnaires, identified entities related to Defendant as having ownership interests in Fyzical, Blueprint, and Ocean State. Thus, there is no dispute that the federal government was aware of

government will be contained in the accompanying productions of documents, further deposition

testimony, and other evidence that will be produced in this case.

Dated: February 20, 2024                          Respectfully submitted,

                                                  _/s/ Ryan Moorman_
                                                  Patricia K. Rocha (#2793)
                                                  procha@apslaw.com
                                                  Patrick N. Sampson (#9885)
                                                  psampson@apslaw.com
                                                  ADLER POLLOCK & SHEEHAN P.C.
                                                  One Citizens Plaza, 8th Floor
                                                  Providence, RI  02903-1345
                                                  Tel: (401) 274-7200
                                                  Fax: (401) 351-4607

                                                  Ryan Moorman (*pro hac vice*)
                                                  Patrick Weeks (*pro hac vice*)
                                                  KIRKLAND & ELLIS LLP
                                                  300 North LaSalle
                                                  Chicago, IL 60654
                                                  Tel: (312) 862-2000
                                                  Fax: (312) 862-2200
                                                  ryan.moorman@kirkland.com
                                                  patrick.weeks@kirkland.com

                                                  *Attorneys for Defendant Fyzical Acquisition Holdings, LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2024, a true and correct copy of Defendant Fyzical Acquisition Holdings, LLC's Responses and Objections to Plaintiff's First Set of Interrogatories was served upon counsel of record at the addresses indicated by CM/ECF electronic notification.

*/s/ Ryan Moorman*

Ryan Moorman

28

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA ex rel.
JAMES R. BERKLEY,

      *Relator*,

      v.

OCEAN STATE, LLC, NEW HARBOR
CAPITAL FUND LP, NEW HARBOR
CAPITAL FUND II LP, NEW HARBOR
CAPITAL MANAGEMENT LP,
BLUEPRINT TEST PREPARATION, LLC,
FYZICAL ACQUISITION HOLDINGS,
LLC,

      *Defendants*.

No. 1:20-cv-00538-JJM-PAS

## <u>VERIFICATION</u>

I, _____Eric Thompson_____, depose and say that I am a named Defendant, or an authorized representative of a named Defendant, in the above-entitled action, I have read the foregoing Supplemental Responses and Objections to Interrogatories, know and understand the contents thereof, and that the information contained therein is true to the best of my knowledge and belief. I declare under penalty of perjury that the foregoing is true and correct.

2/20/2024
_____
Date

*/s/ Eric Thompson*
_____
Signature