## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA, *ex rel.* JAMES R. BERKLEY,
     Plaintiff,

    v.

OCEAN STATE, LLC; NEW HARBOR CAPITAL FUND LP; NEW HARBOR CAPITAL FUND II LP; NEW HARBOR CAPITAL MANAGEMENT LP; BLUEPRINT TEST PREPARATION, LLC; and FYZICAL ACQUISITION HOLDINGS, LLC
     Defendants.

C.A. No. 20-538-JJM-PAS

## ORDER

This is a case under the False Claims Act, 31 U.S.C. § 3729. Plaintiff has succinctly stated its claims as follows: "This case is about the PPP ["Paycheck Protection Program"] Recipients' false certifications of compliance with the PPP's Affiliation Requirement and Necessity Requirement. It is also about the New Harbor Defendants' knowledge, direction, oversight and control over the conduct and operations of the PPP Recipients both generally and with respect to submission of their PPP loan applications and receipt of PPP loan funds." ECF No. 40 at 18. Before the Court are two discovery motions: Plaintiff has moved to compel certain documents between Defendants and their attorneys, ECF No. 47, and Defendants have moved to compel Plaintiff to answer their second set of interrogatories. ECF No. 48.

The Court will deal with the latter motion first.  Because Plaintiff has no objection,[1] ECF No. 56, the Court GRANTS Defendants' Motion to Compel Relator's Responses to Defendants' Second Set of Interrogatories.  ECF No. 48.  Plaintiff shall respond to Defendants' Second Set of Interrogatories on or before June 28, 2024.

As to Plaintiff's motion, he requests copies of all communication that Defendants had with their attorneys concerning the PPP loans at issue in the lawsuit. ECF No. 47.  Plaintiff claims that because Defendants have impliedly waived the attorney-client privilege by asserting that they had a good-faith belief in the lawfulness of their conduct, it is only fair that he also be given access to the communications.   Defendants object and claim that they have not waived the attorney-client privilege and that they do not rely on their attorneys' advice to prove their scienter defense.

Implied waiver "may occur whenever party takes a position that makes it unfair to protect attorney-client communications, such as when a client testifies about portions of such communications or [a] client relies on [an] attorney's advice as [an] element of [a] claim or defense." *United States v. Desir*, 273 F.3d 39, 45 (1st Cir. 2001) (citing Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 503.41 (Joseph M. McLaughlin ed. 1997)).  This waiver of the attorney-client privilege rule ensures that a party cannot "'selectively assert[] the privilege to block the introduction of information harmful to his case after introducing other aspects' of

---

[1] While Plaintiff does not object to responding to the interrogatories themselves, the Court does not agree with Defendants' assertion that Plaintiff has "abandon[ed] all his objections."  ECF No. 57 at 1.

attorney-client communications that are beneficial; 'attorney client privilege cannot be used as both a shield and a sword.'" *Desir*, 273 F.3d at 45 (citing *United States v. Workman*, 138 F.3d 1261, 1263–64 (8th Cir. 1998)).[2]  In waiver by implication cases, a "common denominator" is that "'the party asserting the privilege placed protected information in issue for personal benefit through some affirmative act, and the court found that to allow the privilege to protect against disclosure of that information' would have been unfair to the opposing party." *In re Keeper of Recs. (Grand Jury Subpoena Addressed to XYZ Corp.)*, 348 F.3d 16, 24 (1st Cir. 2003) (quoting 3 Weinstein, *supra* § 503.41[1]).

Here, Defendants assert the affirmative defense of lack of scienter–knowingly presenting a false claim–and claim that they acted in good faith in applying for the PPP loans.  Additionally, Defendants acknowledge that they determined that their actions were done in good faith and in consultation with their attorneys. ECF No. 47-1 at 4.  Defendants have also produced evidence to show that their attorneys provided advice, and helped draft and reviewed many documents concerning Defendants' eligibility for the PPP loans.  *See* ECF No. 47-2.[3]  Defendants also testified that their attorneys participated in the PPP loan applications.  *See* ECF No. 47-3.

The Court finds that since Defendants are asserting and vigorously supporting the assertion that they acted in good faith in applying for the PPP loan after

---

[2] This is a factual determination that the trial judge makes based on all the specific facts of the case before them. *Texaco P.R., Inc. v. Dep't of Consumer Affairs*, 60 F.3d 867, 883 (1st Cir. 1995).

[3] This document is filed under seal as ECF No. 51-1.

consulting their attorneys who participated in the application process on some levels, Plaintiffs should be allowed to review the communications that Defendants received from their attorneys on this issue. To hold otherwise, in this case, on these facts, would be unfair to Plaintiff and to the ultimate trier of fact. *In re Keeper of Recs.*, 348 F.3d at 24 (implied waiver "ensures fairness because it disables litigants from using the attorney-client privilege as both a sword and a shield. Were the law otherwise, the client could selectively disclose fragments helpful to its cause, entomb other (unhelpful) fragments, and in that way kidnap the truth-seeking process.").

The Court GRANTS Plaintiff's Motion to Compel Discovery. ECF No. 47.


IT IS SO ORDERED.


_____
John J. McConnell, Jr.
Chief United States District Judge


June 26, 2024