UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JAMES R. BERKLEY,<br><br>    Plaintiff,<br><br>  vs.<br><br>OCEAN STATE, LLC,<br>NEW HARBOR CAPITAL FUND LP, NEW HARBOR CAPITAL FUND II LP,<br>NEW HARBOR CAPITAL MANAGEMENT LP, BLUEPRINT TEST PREPARATION, LLC, FYZICAL ACQUISITION HOLDINGS, LLC,<br><br>    Defendants. | C.A. No. 1:20-cv-00538-JJM-PAS |

## RELATOR'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, plaintiff-relator, James R. Berkley ("Relator"), moves for partial summary judgment against defendants, Ocean State, LLC ("Ocean State"), New Harbor Capital Fund LP ("NHC Fund 1"), New Harbor Capital Fund II LP ("NHC Fund II"), and New Harbor Capital Management LP ("NHC Management" and collectively with NHC Fund I and NHC Fund II, "New Harbor Capital") and Fyzical Acquisition Holdings, LLC ("Fyzical Holdings") (collectively, the "MSJ Defendants"), as to the following issues in this case brought under the False Claims Act, ("FCA"), 31 U.S.C. §§ 3729 *et seq.*:

1. That Ocean State and Fyzical Holdings submitted *false* claims to obtain federal funds by falsely certifying in their applications under the United States Small Business Administration's ("SBA") Paycheck Protection Program ("PPP") that they complied with the PPP size and affiliation rules, which was a condition for eligibility for the PPP loans, because, together with their affiliates, Ocean State and Fyzical Holdings each had more than 500 employees and no affiliation waiver applied and then by falsely certifying that the loan funds were used to pay costs that were eligible for forgiveness and avoiding an obligation to repay the PPP funds to which they were not entitled;

2. That Ocean State and Fyzical Holdings *knowingly* (i.e., with the requisite scienter) submitted false claims and records and avoided an obligation to repay the PPP funds because their conduct and the information presented to them by lawyers, other professionals, government entities, and New Harbor Capital conclusively shows that Ocean State and Fyzical Holdings had actual knowledge, acted with deliberate ignorance, or, at a minimum, acted in reckless disregard of the truth or falsity of the claims and records submitted;

3. That Ocean State and Fyzical Holdings' false certifications of eligibility were *material* to the government's payment decision and to their payment obligations because the certifications were a condition of obtaining the PPP loans and forgiveness and thus go to the heart of the bargain because without the certifications there would be no payments, and Ocean State and Fyzical Holdings knew this;

4. That New Harbor Capital, through its direction, control and/or participation in the claims process, knowingly *caused* Ocean State and Fyzical Holdings to submit false claims and records and is thus liable under the FCA;

5. That as a matter of law the measure of *damages* for the MSJ Defendants' FCA violations is the entirety of the government's expenditures for claims resulting from the false PPP loan applications; and

6. That the MSJ Defendants' *public disclosure bar* affirmative defense fails because they have not identified a single source of alleged public disclosure concerning the allegations or transactions alleged by Relator concerning: (i) Ocean State and Fyzical Holdings' false certifications of compliance with the PPP size and affiliation rules and repayment avoidance; or (ii) New Harbor Capital's direction and control of Ocean State and Fyzical Holdings' PPP applications or loans.[1]

As grounds for this motion, Relator relies on the Memorandum of Law, Statement of Undisputed Material Facts in Support of Relator's Motion for Summary Judgment, and the Affidavit of Eric E. Renner filed herewith. For all of the reasons articulated therein, Relator respectfully requests that the Court grant this motion in its entirety.

---

[1] With this motion, Relator does not seek summary judgment on its separate claim that Ocean State, Fyzical Holdings and defendant Blueprint Test Preparation, LLC ("Blueprint"), with New Harbor Capital's knowledge, direction and oversight, also violated the FCA by falsely certifying in their PPP applications that the PPP loans were "necessary" to support their ongoing operations and were unable to access other sources of available liquidity.

Respectfully submitted,

/s/ Eric E. Renner
Eric E. Renner (#7481)
DUFFY & SWEENEY, LTD
321 South Main Street, Suite 400
Providence, RI  02903
Phone: 401-457-1803
Fax: 401-457-0701
erenner@duffysweeney.com

*Attorneys for Plaintiff-Relator,
United States of America ex rel James R. Berkley*

Date:  January 6, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of January, 2025, a true copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and copies will be mailed to those indicated as non-registered participants.

/s/ Eric E. Renner